IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2007 Chrysler Aspen SUV, VIN 1A8HW58277F534522,

    Defendant.

_____

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***
_____

The United States of America, by and through United States Attorney John F. Walsh and Assistant United States Attorney Martha A. Paluch, pursuant to Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions G(2), states:

JURISDICTION AND VENUE

1. The United States of America (the United States) has commenced this action pursuant to the civil forfeiture provisions of 18 U.S.C. § 2428, seeking forfeiture of defendant property based on violations of 18 U.S.C. §§ 2423, transportation of minors with intent to engage in criminal sexual activity. This Court has jurisdiction under 28 U.S.C. §§ 1345 and 1355.

2. Venue is proper under 21 U.S.C. § 881(j), and 28 U.S.C. § 1395, as defendant property is located, and all of the acts described herein occurred, in the District of Colorado.

1

## DEFENDANT PROPERTY

3.     Defendant property is more fully described as: A black in color 2007 Chrysler Aspen SUV, VIN 1A8HW58277F534522 ("defendant Aspen") seized on July 28, 2011, from Higdon Armstrong, near 3rd Avenue and Broadway, in Denver, Colorado. Upon information and belief, defendant Aspen is titled in the name of Teresa L. Jones, and is unencumbered. Defendant Aspen is currently being held by the United States Marshals Service in Denver, Colorado.

## FACTUAL BASIS FOR FORFEITURE

4.     Except as otherwise noted, all of the following facts and information have been discovered through my own investigation, and the observations and investigations of fellow law enforcement officers as reported to me.

5.     Defendant Aspen was seized as part of an ongoing undercover escort operation conducted by the Denver, Colorado Police Department (DPD). According to 18 U.S.C. § 2428, any property used or intended to be used to commit or facilitate the commission of an offense involving transportation of a minor for illegal sexual activity, shall be forfeited to the United States.

6.     On July 28, 2011, DPD conducted an undercover escort operation at the Town Place Suites by Marriott located at 685 North Speer Boulevard in Denver, Colorado. Officers made arrangements to meet with an under-aged female escort through an advertisement on the website "backpage.com."

7.     At approximately 8:00 p.m., surveillance officers observed a dark SUV (defendant Aspen) pull up to the Town Place Suites, and then watched a female,

believed to be the under-aged escort, exit the vehicle, and make her way to the designated room where an undercover DPD officer waited. Defendant Aspen, driven by an unknown male, then departed the area, followed by surveillance officers.

8. Once in the room, the under-aged female escort agreed to have oral sex and intercourse with the undercover DPD officer for $180.00. After $180.00 in official funds was placed on the dresser, additional officers entered the room and arrested the suspected under-aged escort, and confirmed she was only 17 years old.

9. After the under-aged escort was arrested, DPD officers initiated a traffic stop on defendant Aspen in the parking lot of a Kentucky Fried Chicken restaurant located at 3rd Avenue and Broadway in Denver, Colorado. The driver, identified as Higdon Armstrong, IV (hereinafter "Higdon") and his passenger, Donald Armstrong, were taken into custody and transported to DPD. Defendant Aspen was towed to the DPD impound lot.

10. During a subsequent interview, the under-aged escort told officers that Higdon Armstrong was her pimp, and that he knew she was only 17 years old. She told officers that she had done a total of over 20 deals of prostitution for Higdon, and that Higdon would drive her to the deals in defendant Aspen. On the night of her arrest, Higdon and an individual the 17 year old referred to as "Outstanding" (later identified as Donald Armstrong), drove her in defendant Aspen to the hotel for a prostitution deal. She said that Higdon and Donald have separate businesses, but are always together, and drive around to prostitution deals together. She further told officers that there were

three other girls who prostitute for Higdon and Donald, in Room 108 of the La Quinta Inn, located near Mississippi and Abilene, in Aurora, Colorado.

11. Officers then contacted the three women at the La Quinta Inn (hereinafter referred to as "Prostitute 1," Prostitute 2," and "Prostitute 3"), and transported them to DPD to be interviewed.

12. Prostitute 1 told officers that she met Higdon and Donald about two weeks ago, and that she had done about five acts of prostitution for Higdon, with Higdon and Donald driving her to the deals in defendant Aspen.

13. Prostitute 2 told officers that she met Donald about two weeks ago at "Saturdays," where she was a dancer. Prostitute 2 stated that Donald picked her up at "Saturdays" in defendant Aspen, and took her to a Best Inn, located near I-70 and Quebec, where he introduced her to the rest of his girls. She further stated that Higdon and Donald picked her up in defendant Aspen and took her to two recent prostitution deals.

14. Prostitute 3 stated that she worked for Donald, and that Higdon drove her, along with Donald, to prostitution deals in defendant Aspen.

15. In an interview with Donald Armstrong, he told officers that defendant Aspen belonged to his nephew, Higdon Armstrong, and that no one else was associated with, or drove the vehicle.

16. When defendant Aspen was inventoried at the DPD impound lot, several receipts in Higdon's name were found indicating that Higdon had paid for upgrades and

general maintenance for defendant Aspen. There were no personal items found in the vehicle indicating use by registered owner, Teresa Jones.

17. On December 16 and 20, 2011, FBI Paralegal Specialist Derrick Rieger met with two employees of Mago Auto Sales, who were involved in the purchase of defendant Aspen. These two individuals indicated that a male representing himself as "Lauren Tadesse" (later identified as Higdon Armstrong), and his mother, Teresa Jones, were present during the Aspen's purchase on September 10, 2010. According to their records and recollection, defendant Aspen was purchased with $5,000.00 in cash from Teresa Jones, and a $10,000.00 trade-in for a 2002 GMC Yukon belonging to Lauren Tadesse. Higdon signed the title over as Lauren Tadesse.

18. Based in part on the facts contained herein, Higdon Armstrong was charged in Denver District Court with Trafficking in Children, Pimping of a Child, Pandering of a Child, Procurement of a Child, Contributing to the Delinquency of a Minor, and Pimping. On December 16, 2011, Armstrong pleaded guilty to Pimping, and was sentenced to five years, suspended, plus five years parole.

VERIFICATION OF SPECIAL AGENT RICKY WRIGHT
FEDERAL BUREAU OF INVESTIGATION

I, FBI Special Agent Ricky Wright, hereby state and aver under the pains and penalties of perjury that I have read the foregoing Factual Basis for Forfeiture and that the facts and information contained therein is true, to the best of my information and belief.

s/ *Ricky Wright*
Ricky Wright, Special Agent
Federal Bureau of Investigation

STATE OF COLORADO      )
CITY AND               )ss.
COUNTY OF DENVER       )

The foregoing VERIFIED COMPLAINT FOR FORFEITURE *IN REM* was subscribed before me this 9th day of March, 2012, by Ricky Wright, Federal Bureau of Investigation Special Agent.

My Commission Expires: 6/15/14    s/ *Nicole C. Davidson*
Notary Public, State of Colorado

### FIRST CLAIM FOR RELIEF

19.    The Plaintiff repeats and incorporates by reference the paragraphs above.

20.    By the foregoing and other acts, defendant Aspen constitutes property used or intended to be used to commit or facilitate the commission of an offense involving transportation of a minor for illegal sexual activity in violation of 18 U.S.C. § 2423, and therefore, is forfeited to the United States pursuant to 18 U.S.C. § 2428.

WHEREFORE, the United States prays for entry of a final order of forfeiture for the defendant property in favor of the United States, that the United States be authorized to dispose of the property in accordance with law, and that the Court enter a finding of probable cause for the seizure of the defendant property and issue a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465.

DATED this 9th day of March, 2012.

>Respectfully submitted,
>
>JOHN F. WALSH
>United States Attorney
>
>By: s/ *Martha A. Paluch*
>Martha A. Paluch
>Assistant United States Attorney
>1225 Seventeenth Street, Ste. 700
>Denver, Colorado 80202
>Telephone: (303) 454-0100
>E-mail: martha.paluch@usdoj.gov
>*Attorney for Plaintiff*