# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-00600-RBJ

UNITED STATES OF AMERICA

     Plaintiff

v.

2007 CHRYSLER ASPEN SUV, VIN 1A8HW58277F534522,

     Defendant.

---

## ANSWER TO VERIFIED COMPLAINT FOR FORFEITURE *IN REM* AND AFFIRMATIVE DEFENSES

---

Claimant, Teresa Jones ("Claimant") by and through her counsel, Goldman Law, LLC, hereby submits this Answer to the government's Verified Complaint for Forfeiture *In Rem* in the above captioned case and states as follows:

<u>JURISDICTION AND VENUE</u>

1. Claimant admits the allegations contained in paragraph one of the Complaint.

2. Claimant admits the allegations contained in paragraph two of the Complaint.

## DEFENDANT PROPERTY

3. Claimant admits the allegations contained in paragraph three of the Complaint, insofar that the listed property is the subject property of this action and that the listed property is titled in the name of the Claimant.

## FACTUAL BASIS FOR FORFEITURE

4. Claimant is without sufficient knowledge to either admit or deny the allegation contained in paragraph four and further cannot admit or deny law enforcement statements that may be tantamount to hearsay.

5. Claimant admits the allegations in paragraph five insofar as it accurately states the facts relating to the undercover escort operation. However, Claimant denies the allegations insofar as it relates to the stated law – specifically, 18 U.S.C. §2848 (a)(1) states in pertinent part: "in imposing a sentence on any person convicted of a violation … such person shall forefeit to the United States – such person's interest in any property … that was used or intended to be used to commit … such violation."

6. Claimant was never convicted of a crime relating to Defendant Property and therefore no sentence was imposed on Claimant as a person as the statute requires.

7. Claimant is without sufficient to admit or deny the allegations in paragraphs six through sixteen.

8. Claimant denies the allegations listed in paragraph seventeen insofar as it relates to the transaction that took place at Mago Auto Sales. Claimant admits that she did pay $5,000 in cash towards the Defendant property.

9. Claimant is without sufficient information to admit or deny paragraph eighteen.

## FIRST CLAIM FOR RELIEF

10. Claimant repeats and incorporates by reference the paragraphs above.

11. Claimant denies the allegations contained in paragraph twenty.

## GENERAL DENIAL

12. Any and all allegations not explicitly admitted are hereby denied.

## FIRST DEFENSE

13. Claimant is an innocent owner of the *res* seized and the acts or omissions alleged in the Complaint were committed without her knowledge.

## SECOND DEFENSE

14. Claimant is an innocent owner of the *res* seized as that term is defined in 18 U.S.C. §983(d) in that she did not know of the conduct giving rise to forfeiture.

## THIRD DEFENSE

15. The arrest and investigation of the *res* seized violated Claimant's Fourth Amendment rights under the United States Constitution because the search and seizure was not based upon probable cause as it relates to the Claimant.

## FOURTH DEFENSE

16. The forfeiture statute in this case and the implementing code of federal regulations are void and unenforceable and violative of the Due Process Clause of the Fifth Amendment to the United States Constitution, for the following reasons:

    a. The forfeiture statutes provide for the restraint of property without due process because it provides for a seizure without prior notice, hearing or authorization by a judicial officer;

    b. The forfeiture statutes provide for the forfeiture of property from parties who are completely innocent of any wrongdoing. These sections penalize ownership of the Defendant property regardless of the existence or nonexistence of any criminal intent.

## FIFTH DEFENSE

17. Forfeiture of the *res* seized violates the Claimant's Eighth Amendment rights under the United States Constitution.

## SIXTH DEFENSE

18. Forfeiture of the *res* seized violates the Claimant's rights pursuant to 18 U.S.C. §983(g).

## JURY DEMAND

19. CLAIMANT REQUESTS A TRIAL TO A JURY.

## ATTORNEY'S FEES

20. Claimant respectfully requests the reimbursement of attorney's fees should she be successful at trial pursuant to 28 U.S.C. 2465 (b).

**WHEREFORE,** Claimant requests that this Court enter an order denying relief requested by Plaintiff, entering a judgment in favor of Claimant, ordering the return of the Defendant property to Claimant, and ordering the payment of attorney's fees pursuant to 28 U.S.C. 2465(b) and granting such further relief as this Court deems appropriate.

DATED this 4th day of April, 2012

Respectfully Submitted,
**GOLDMAN LAW, LLC**

**Scott D. Goldman**
**Goldman Law, LLC**
**44 Cook Street, Suite 100**
**Denver, CO 80206**
**Telephone: (303) 656-9529**
**Facsimile: (303) 648-5584**
**E-mail: scott@goldmanlawllc.com**
***Attorney for Claimant Teresa Jones***

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of April, 2012, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following E-mail addresses:

**AUSA MARTHA PALUCH**
Email: Martha.Paluch@usdoj.gov

**Scott D. Goldman**